**Affirmed and Memorandum Majority and Concurring Opinions filed December 2, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00463-CV

---

### CHRISTOPHER MICHAEL DUPUY, Appellant

### V.

### HEATHER RENE WILLIAMS, Appellee

---

**On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2019-18982**

---

## MEMORANDUM CONCURRING OPINION

I concur in the judgment and join the opinion with the exception that the lengthy fact recitation is completely irrelevant to the issues presented on appeal.

This is a memorandum opinion that does not heed Texas Rule of Appellate Procedure 47.4 that states, "the court *should* write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision." Tex. R. App. P. 47.4 (emphasis added). While I understand that the use of "should" is somewhere on

the spectrum between the discretionary word "may" and the defined nondiscretionary words "shall" or "must" in the Rules,[1] the court nonetheless has no reason to make these facts that are uncontested on appeal easily available to anyone who conducts an online search.

I do not question that the use of "should" allows the court to do what it has done. But I think the court should choose not to do so. The trial court ordered a lifetime protective order—I would grant appellee all the privacy and respect we legitimately can.


/s/     Charles A. Spain
         Justice


Panel consists of Justices Jewell, Spain, and Wilson (Jewell, J., majority).

---

[1] Code Construction Act, Tex. Gov't Code Ann. § 311.016 ("may" creates discretionary authority or grants permission or power, "shall" imposes a duty, and "must" creates or recognizes condition precedent); *see* Code Construction Act, Tex. Gov't Code Ann § 311.002(4) (application of Act to rule adopted under code).